**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MICHAEL J. CASHION, | ) | No. 21 B 8085 |
| | ) | |
| Debtor. ) | Judge Goldgar |

**MEMORANDUM OPINION**

Before the court for ruling is creditor Peter Shagory's Rule 60(b) motion seeking relief

from the court's decision refusing to enter an agreed order. The agreed order would have

declared that chapter 7 debtor Michael Cashion's debt to Shagory was nondischargeable under

section 523(a)(2)(A) of the Bankruptcy Code. For the reasons below, Shagory's motion for

relief from that decision will be denied.

**1. Background**

The facts come from the motion and exhibits as well as from the court's docket. No facts

are in dispute.

In September 2019, Cashion borrowed $10,000 from Shagory, giving Shagory a

promissory note payable in thirty days. Shortly before the thirty days had passed, Cashion wrote

a check to Shagory for $10,000. The check bounced. With the loan unpaid, Shagory sued

Cashion in Illinois state court and obtained a default judgment for the amount of the note.

Shagory later learned that the account on which Cashion had written the check had been closed

even before Cashion signed the note. So Shagory sued Cashion again, this time for fraud, and

again obtained a default judgment. Shagory began trying to collect his judgment.

Faced with Shagory's collection efforts, Cashion filed a chapter 7 bankruptcy case on

July 1, 2021.  The first date set for the creditors meeting under section 341 was July 22, 2021.

That date made September 20, 2021, the deadline for creditors to object to Cashion's discharge

and the dischargeability of his debts.  *See* Fed. R. Bankr. P. 4004(a), 4007(c).

In August, Cashion's counsel approached Shagory's counsel about settling Shagory's

claim.  She said that Cashion would settle the claim to avoid an adversary proceeding, and later

that month she proposed the "immediate entry of an order of nondischargeability."  Shagory

agreed.

On September 13, Cashion's counsel moved to have the court enter an agreed order

declaring Cashion's debt to Shagory nondischargeable under section 523(a)(2)(A) of the Code,

which excepts from discharge debts for money obtained by fraud.  11 U.S.C. § 523(a)(2)(A).

The motion was noticed for presentment on September 20, the deadline under Rules 4004 and

4007.

On the presentment date, the court denied the motion, explaining:

> I can't do this . . . .  There are two ways to have a debt survive a
> discharge.  One is to file an adversary proceeding and then have a
> judgment entered, and the other is to do a reaffirmation agreement.
>  This is trying to have the reaffirmation agreement without
> complying with the rules or the [C]ode provisions governing . . .
> reaffirmation agreements . . . and without an adversary
> proceeding[.]  It is a middle ground that just doesn't exist.

Shagory's counsel responded that the parties "were trying to avoid the whole adversary

proceeding" and the accompanying expense.  To which the court replied:  "That is a laudable

goal, but . . . the way to do it is with a reaffirmation agreement."

That same day, Cashion agreed to reaffirm his debt to Shagory, and the parties signed a

reaffirmation agreement.  Cashion's counsel filed the signed agreement several days later.

Because no one had filed a complaint objecting to Cashion's discharge or the

dischargeability of any of his debts, the September 20 deadline came and went. On September 21, the day after the reaffirmation agreement was filed, the clerk entered Cashion's discharge. The deadline for Shagory or Cashion to appeal the court's September 20 order was October 5. Fed. R. Bankr. P. 8002(a)(1). The October 5 deadline came and went. Neither party appealed.

On November 5, 2021, Cashion exercised his rights under section 524(c)(4) of the Code, 11 U.S.C. § 524(c)(4), and gave Shagory notice that he was rescinding the reaffirmation agreement. Because the deadlines under Rules 4004(a) and 4007(c) had passed and Cashion's discharge had been entered, his debt to Shagory was discharged.

Shagory now moves under Rule 60(b) for relief from the September 20 order, arguing that the court erred in denying Cashion's motion and declining to enter the parties' agreed order of nondischargeability. Cashion opposes the motion.[1]

## 2. Discussion

Shagory's motion will be denied. Legal error, which is all Shagory asserts, is not a basis for relief under Rule 60(b). And even if it were, the court made no error here.

### a. Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure permits the court to "relieve a party . . . from a final judgment, order, or proceeding" on six grounds. Fed. R. Civ. P. 60(b) (made applicable by Fed. R. Bankr. P. 9024). The first, which Shagory invokes, is "mistake,

---

[1] Shagory's motion also sought to revoke Cashion's discharge or for leave to file an adversary proceeding. The court denied those aspects of the motion without prejudice on the presentment date because revoking the discharge requires an adversary proceeding, Fed. R. Bankr. P. 7001(4), and court permission to file one is unnecessary. Shagory has since filed an adversary proceeding to revoke the discharge.

inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Shagory argues that in denying the parties' motion on September 20 the court made a "mistake." The sixth ground, which Shagory also invokes, is a catch-all, authorizing relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Relief under any part of Rule 60(b) is "an extraordinary remedy . . . granted only in exceptional circumstances." *Dolin v. GlaxoSmithKline LLC*, 951 F.3d 882, 886 (7th Cir. 2020) (internal quotation omitted); *see also Kathrein v. City of Evanston*, 752 F.3d 680, 690 (7th Cir. 2014). And relief under the catch-all in Rule 60(b)(6) is particularly rare, since that provision represents "an even more highly circumscribed exception in [a] rule already limited to exceptional circumstances." *Neuberg v. Michael Reese Hosp. Found.* 123 F.3d 951, 955 (7th Cir. 1997). Rule 60(b)(6) is thus available "only in the most extraordinary of circumstances." *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 700 (7th Cir. 1995) (internal quotation omitted); *see also In re Rees*, 817 F. App'x 258, 261 (7th Cir. 2020).

The problem with Shagory's motion is not so much that it fails to present exceptional circumstances (although it does not) but that its grounds for relief are not cognizable under Rule 60(b). Rule 60(b) authorizes a "collateral attack on a final judgment." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir. 2000); *see also Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009). That means a modification of the judgment "in light of factual information that comes to light only after the judgment, and could not have been learned earlier." *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). It does not mean a direct attack – "[a] contention that the judge erred with respect to the materials in the record." *Id.* The grounds for a Rule 60(b) motion, then, must be "grounds . . . that could not have been used to obtain reversal by means of a direct appeal." *Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018).

Because legal error can be addressed on appeal, it does not supply a basis for relief under

Rule 60(b). *Jones v. Ramos*, 12 F.4th 745, 749 (7th Cir. 2021) (declaring that Rule 60(b)

provides no relief when a judgment results from "an erroneous application of law"); *Barnett v.

Raoul*, 844 F. App'x 916, 918 (7th Cir. 2021) (noting that "legal error is not one of the specified

grounds for relief under Rule 60(b)"); *Bell v. McAdory*, 820 F.3d 880, 883 (7th Cir. 2016)

(stating that "disagreement with the merits of the underlying judgment simply is not a reason for

relief under Rule 60(b)"); *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014);

*Mendez v. Republic Bank*, 725 F.3d 651, 659 (7th Cir. 2013); *Equilease Fin. Servs., Inc. v.

Fincastle Leasing, Inc.*, 305 F. App'x 291, 294 (7th Cir. 2008) ("Legal error is not a ground for

relief under Rule 60(b).").

The reason is jurisdictional.  The rules of procedure, civil and bankruptcy, establish

"strict time limits for filing federal appeals." *Mendez*, 725 F.3d at 659.  If parties could use Rule

60(b) to raise a legal error they could have raised on appeal, the time limits "would lose much of

[their] force." *Id.*; *see also Banks*, 750 F.3d at 667 ("The concern that parties or courts could use

Rule 60(b) to circumvent the time limit for filing appeals animates our case law"); *Gleash*, 308

F.3d at 761 (noting that if a direct attack on a judgment were possible under Rule 60(b) "it would

be impossible to enforce time limits for appeal").[2]

Shagory's Rule 60(b) motion is not a collateral attack on the September 20 decision but a

direct one.  He challenges the court's refusal to enter an agreed order declaring Cashion's debt

nondischargeable, arguing that the decision was legally incorrect.  But Shagory could have made

---

[2]     A timely filed notice of appeal is jurisdictional in civil actions, *Gleason v. Jansen*, 888 F.3d 847, 852 (7th Cir. 2018), and in bankruptcy cases, *Pansier v. United States*, 821 F. App'x 642, 643 (7th Cir. 2020); *In re Sobczak-Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016).

that argument on appeal.[3/]  Having failed to appeal, he cannot use Rule 60(b) to make the argument now.[4/]

Because Shagory asserts only legal error not cognizable on a Rule 60(b) motion, his motion will be denied.

### b. Legal Error

There was no error in any event.  The court correctly refused to enter a freestanding order declaring Cashion's debt nondischargeable under section 523(a)(2)(A).

Unless a party in interest objects, a debtor in a chapter 7 case receives a discharge.  11 U.S.C. § 727.  The discharge generally eliminates the debtor's personal liability for all debts the debtor had on the petition date, 11 U.S.C. § 727(b); *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991); *In re Ranieri*, 598 B.R. 450, 453 (Bankr. N.D. Ill. 2019), and permanently enjoins their collection, 11 U.S.C. § 524(a), *Tidwell v. Smith (In re Smith)*, 582 F.3d 767, 771-72 (7th Cir. 2009); *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007) ("When a debtor's debts are discharged in bankruptcy, efforts to collect them are unlawful.").

Some debts, though, are not discharged.  Specific debts can survive the discharge in two ways.  First, section 523(a) of the Code excepts some debts from the discharge.  *See* 11 U.S.C.

---

[3/]      Indeed, he was invited to appeal the decision if he disagreed with it.  His counsel suggested he had no desire to appeal:

> THE COURT:       You can take it up, if you want.
>
> MR. SKEVIN:      No, no.

[4/]      Rule 60(b) does grant a trial court discretion "to correct its own errors that could be corrected on appeal" as long as "the motion is not a device to avoid expired appellate time limits."  *Mendez*, 725 F.3d at 659; *see also Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018).  But Shagory's motion is just such a device.

§§ 523(a)(1)-(19).  Debts under three of the exceptions – the exceptions in sections 523(a)(2), (4), and (6) – survive the discharge only if the bankruptcy court says they do.  11 U.S.C. § 523(c)(1).  The court determines dischargeability under those exceptions "on request of the creditor to whom such debt is owed."  *Id.*  And the creditor makes that request through an adversary proceeding, Fed. R. Bankr. P. 7001(6), initiated by filing a timely complaint to determine dischargeability, Fed. R. Bankr. P. 4007(c).

As Rules 7001(6) and 4007(c) make clear, an adversary proceeding is mandatory for a court to make a dischargeability determination.  *In re Gutierrez*, 633 B.R. 768, 791 (Bankr. S.D. Tex. 2021) (stating that "a proceeding to determine the dischargeability of a debt must be brought in the form of an adversary proceeding"); *In re Cochran*, 614 B.R. 565, 569 (Bankr. N.D. Iowa 2020) (""To determine the dischargeability of any debt, an adversary complaint and proceeding [are] required."); *Ray v. Educational Credit Mgmt. Corp. (In re Ray)*, 591 B.R. 834, 838 (Bankr. W.D. Wis. 2018); *In re Passa*, 578 B.R. 898, 905-06 (Bankr. D. Utah 2017).  "Absent the filing of a timely complaint, the court lacks authority to make a determination of dischargeability."  *In re Maiers*, No. 17-70869, 2017 WL 5033660, at *2 (Bankr. C.D. Ill. Oct. 31, 2017).

Second, even without an adversary proceeding a debtor and creditor can waive the discharge of a specific debt by having the debtor sign and file what is called a "reaffirmation agreement."  11 U.S.C. § 524(c); *see In re Cole*, 226 B.R. 647, 653 (B.A.P. 9th Cir. 1998).  Section 524(c) renders enforceable an agreement to reaffirm the debtor's post-discharge obligations for a debt that would otherwise be discharged, as long as several specific requirements are met.  In particular, the agreement must have been made before the discharge, the debtor must have received certain disclosures, and the agreement must be filed with the court

along with a declaration from the debtor's attorney attesting that the debtor's decision to sign the agreement was informed and voluntary.  11 U.S.C. §§ 524(c)(1)-(3).  These requirements are meant to protect debtors from making "uninformed decisions" to abandon the benefits of their discharge and so are "rigidly enforced."  *Maiers*, 2017 WL 5033660, at *2 (citing *In re Turner*, 156 F.3d 713, 715 (7th Cir. 1998)).

These two methods – an adversary proceeding resulting in a judgment or a reaffirmation agreement – are the *only* ones through which a creditor can have a section 523(c) debt excepted from discharge.  *Maiers*, 2017 WL 5033660, at *4; *Airlines Reporting Corp. v. Mascoll (In re Mascoll)*, 246 B.R. 697, 701 (Bankr. D.D.C. 2000).  A stand-alone agreed order declaring a debt nondischargeable, the route Shagory and Cashion took here, is not an option.  With no adversary proceeding pending, that order amounted to a reaffirmation agreement – but with none of section 524(c)'s protections.  *See In re Andreyev*, 313 B.R. 302,  305 (B.A.P. 9th Cir. 2004) (noting that "a stipulation to nondischargeability is a reaffirmation agreement") (Brandt, B.J., concurring).  Allowing parties to have a bankruptcy court enter an agreed order like this when the creditor has filed no adversary proceeding would deprive debtors of the benefits of section 524(c).  It would read section 524(c) out of the Code.  *Maiers*, 2017 WL 5033600, at *4 (making this point)

*Maiers* is directly on point and rejects the Shagory-Cashion route as inconsistent with the Code and Rules.  In *Maiers*, the debtor and her bank asked the court to approve a stipulation and enter an agreed order declaring her debt to the bank nondischargeable.  The court refused.  To obtain a judicial determination of dischargeability, the court said, the bank first had to file an adversary proceeding.  *Maiers*, 2017 WL 5033600, at *2.  Barring an adversary proceeding, the parties could have signed a reaffirmation agreement, one that "strictly complie[d] with the provisions of § 524(c)."  *Id.* at *3.  But they had done neither.  Because the parties had not

followed either of the "only two ways" to except a section 523(c) debt from discharge, the court declined to approve the stipulation or enter the order.  *Id.* at *4.

Although he insists the agreed order should have been entered, Shagory offers no legal authority to support his position.  Instead, he makes several unconvincing arguments.  First, he quotes out of context a passage from an older decision stating that if a creditor objects to dischargeability, "a complaint should be filed" and a "judicial determination . . . obtained by litigation or agreed order reviewed by the court."  *Manufacturers Hanover Trust v. Shelton (In Shelton)*, 58 B.R. 746, 748, 750 n.4 (Bankr. N.D. Ill. 1986).[5/]  If a complaint "should" be filed, Shagory reasons, filing one cannot be mandatory.  (Mot. at 11).

Context, though, is critical.  *Shelton* involved an adversary proceeding under section 727(d) to revoke the debtors' discharge.  The creditor asserted (much as Shagory asserts here) that it was cheated out of its claim when the debtors committed to sign a reaffirmation agreement, never signed it, and then received a discharge.  *Shelton*, 58 B.R. at 749 n.4.  In refusing to revoke the discharge based on fraud, the court stressed that to protect itself the creditor "should" have filed a nondischargeability complaint.  *Id.* at 750 n.4.  "This approach best protects the interests of both debtors and creditors."  *Id.*  The court, in other words, offered advice; it did not opine on whether an adversary proceeding was mandatory.  As for the decision's reference to an "agreed order," that was dictum; the case did not concern an agreed order.

Next, Shagory contends that the agreed order he and Cashion proposed was "a de facto

_____

[5/]        Shagory also purports to quote *Rezin v. Barr (In re Barr)*, 207 B.R. 160, 166 (Bankr. N.D. Ill. 1997), but the decision lacks the critical phrase "should be filed" on which Shagory's argument depends.

cognovit judgment," or judgment by confession, and judgments by confession are valid.  (Mot. at

12).

So they are, as a rule.  But a debtor's *prepetition* agreement that a debt will not be

discharged in bankruptcy is not valid.  *Klingman v. Levinson*, 831 F.2d 1292, 1296 n.3 (7th Cir.

1987); *see, e.g., Double v. Cole (In re Cole)*, 428 B.R. 747, 753-54 (Bankr. N.D. Ohio 2009)

(holding unenforceable a prepetition "confessed nondischargeability" clause).  And a debtor's

*postpetition* agreement that a debt will not be discharged is a reaffirmation agreement, valid only

if it satisfies section 524(c).  *Smith v. First Suburban Nat'l Bank (In re Smith)*, 224 B.R. 388, 397

(Bankr. N.D. Ill. 1998) (holding that "any post-petition agreement which obligates a debtor on a

discharged debt must comply with the relevant Code sections dealing with reaffirmation"); *see*

*also Marra, Gerstein & Richman v. Kroen (In re Kroen)*, 280 B.R. 347, 352 (Bankr. D.N.J.

2002) (stating that "the reaffirmation procedure is the *only* mechanism by which a debtor may

'waive' discharge of a *specific* debt" (emphasis in original)).  A creditor cannot dodge section

524(c) by tendering to the bankruptcy court an agreement labeled "judgment" and having it

entered because the debtor has "confessed judgment."

Finally, Shagory argues that at least twice postpetition the parties entered into settlement

agreements that Cashion breached, and debts based on settlement agreements are excepted from

discharge under section 523(a)(19).  (Mot. at 13-14).

What this has to do with the court's decision not to enter the agreed order is unclear.  If

Shagory believes Cashion owes him a debt nondischargeable under section 523(a)(19), he can

sue Cashion in Illinois state court.  Cashion can then defend based on his discharge, and if he

does, Shagory can raise section 523(a)(19) in response.  *See In re Guseck*, 310 B.R. 400, 404

(Bankr. E.D. Wis. 2004) (noting that jurisdiction over section 523(a) disputes other than disputes

under sections 523(a)(2), (4), and (6) is "concurrent with the state courts"). But that would be a poor idea. Section 523(a)(19) does not except from discharge all debts resulting from settlement agreements, as Shagory believes, but only debts from settlements of securities law violations or of fraud in the purchase or sale of a security. 11 U.S.C. § 523(a)(19)(A); *see Schouten v. Jakubiak (In re Jakubiak)*, 591 B.R. 364, 374 (Bankr. E.D. Wis. 2018). Cashion's debt to Shagory stems from a promissory note. It has nothing to do with securities. *See Reves v. Ernst & Young*, 494 U.S. 56, 63 (1990) (promissory notes issued outside an investment context are not securities).

Shagory complains that what happened here was unfair. He insists Cashion "once again defrauded him" by "causing [him] to miss the deadline" to object to discharge or dischargeability. (Mot. at 2-3). But no one kept any secrets from Shagory or "caused" him to do anything. The deadlines to object to discharge and dischargeability appear in the Bankruptcy Rules.[6/] Shagory could have protected himself by filing a timely adversary complaint or by moving to extend the deadline to file one. *See* Fed. R. Bankr. P. 4004(b), 4007(c); *Shelton*, 58 B.R. at 748-49 (pointing out a creditor's ability to avoid outcomes like this). He could also have protected himself by moving to defer Cashion's discharge. *See* Fed. R. Bankr. P. 4004(c)(2). He did none of these. It should have come as no surprise, then, that Cashion received his discharge on September 21, the day after the September 20 deadline. And because the parties had agreed to reaffirm Cashion's debt on September 20, the last possible day, Shagory ran the risk that Cashion might exercise his right (a right that appears in the Code, 11 U.S.C. § 524(c)(4)) to

---

[6/]     The specific deadline in Cashion's case also appeared in section 9 of the notice sent to creditors (Official Form 309A). Although that notice appears not have been sent to Shagory or his counsel, Shagory's counsel knew about the bankruptcy case because he admits in his motion that he attended the meeting of creditors in July, well before the deadline.

rescind the agreement, leaving Shagory high and dry.  Shagory has no one to blame but himself.

### 3.  Conclusion

The motion of Peter Shagory under Rule 60(b) for relief from the September 20 order is

denied.  A separate order will be entered consistent with this opinion.

Dated: April 21, 2022

_____
A. Benjamin Goldgar
United States Bankruptcy Judge